UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-11-KSF

MITCH McINTOSH                                                                                          PLAINTIFF

and

KENTUCKY ASSOCIATED GENERAL
CONTRACTORS SELF INSURERS' FUND                                    INTERVENOR PLAINTIFF

v.                                          **OPINION & ORDER**

UNITED STATES OF AMERICA                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The matter is before the Court on the motion of the defendant, the United States of America ("Defendant") for summary judgment [DE 22]. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.      FACTS**

This case involves a slip and fall at the Liberty Road Station Post Office operated by the United States Postal Service. The fall that gives rise to this action occurred on October 5, 2007.

The Liberty Road Station Post Office has three sets of doors. To gain entry into the lobby, one must enter a first set of doors to an enclosed vestibule, then enter a second set of doors to an outer lobby where stamped and metered letters are posted and post office mail boxes are located, then enter a third set of doors to an inner lobby, also referred to as the retail lobby. On October 5, 2007, at approximately 10:05 a.m., the

plaintiff, Mitch McIntosh, ("McIntosh"), wearing boots, entered the lobby of the Liberty Road Station Post Office to mail items for his employer. He entered the vestibule and realized that he had forgotten a piece of mail so he returned to his car, retrieved the piece of mail and re-entered the vestibule, continuing into the retail lobby. As he entered the retail lobby, McIntosh fell forward and landed on his front side and felt impact on his face.

McIntosh claims that he slipped on the retail lobby floor because it was wet. He testified in his deposition that it was raining when he arrived at the post office. As he entered the post office, he noticed that there was a wet rug in the vestibule area and that the floor in the outer lobby was wet but that he did not notice that the retail lobby floor was wet until he was lying face first on it. He acknowledges that there was a "Wet Floor" sign in the vestibule area that is always present. Defendant contends that there was a rug in the outer lobby, but McIntosh claims that it was placed there after his fall.

McIntosh filed this action pursuant to the Federal Tort Claims Act ("FTCA") alleging that, due to negligence by the post office, water in the post office retail lobby caused him to slip and fall. Kentucky Associated General Contractors Self Insurers' Fund intervened seeking subrogation under the FTCA.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable

jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden of production, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes*, 830 F.Supp. 974, 984 (E.D. Ky. 1993). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324. In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. Ultimately, the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir 1989)(quoting *Anderson*, 477 U.S. at 251-52.

### III.  ANALYSIS

Defendant argues that it is entitled to summary judgment because McIntosh fails to establish that the post office was negligent or breached any duty of care to him. The Court disagrees.

In a FTCA case, the Court applies Kentucky law to the substantive legal issues. Further, the parties do not dispute the standard to be applied to McIntosh's negligence claim. To prevail, McIntosh must prove three elements: (1) a duty on the part of the

defendant; (2) a breach of that duty; and (3) consequent injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). With respect to the first element, the defendant owes a duty to its patrons to maintain its premises in a condition that is reasonably safe. *Rogers v. Professional Golf Ass'n of America*, 28 S.W.3d 869 (Ky. App. 2000).

In *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003), the Kentucky Supreme Court addressed the burden of proof in "slip and fall" premises liability cases where the foreign substance on the premises was not brought about and/or caused by the proprietor, such as here. The plaintiff has the initial burden to prove that:

> (1) he or she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and the customer's injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Id*. at 435-36. Once the plaintiff establishes this initial burden, which creates a rebuttable presumption of negligence sufficient to avoid summary judgment, the burden shifts to the defendant to prove, by a greater weight of the evidence, the absence of negligence through the exercise of reasonable care. *Id*. at 435-37. As such, though the plaintiff may meet his initial burden, the defendant may still succeed on a motion for summary judgment if the defendant can prove "that it exercised reasonable care in the maintenance of the premises under the circumstances." *Id*. at 435. Put another way, if the defendant can prove that it discharged its duty through the exercise of reasonable care under the circumstances, it is entitled to summary judgment. The burden of the defendant under *Lanier* once a plaintiff meets his/her initial burden is "to discover the foreseeable dangerous condition and to correct it or to warn the customers of its existence." *Id*.

4

McIntosh has met his initial burden of proof.[1] He testified that he slipped on water, a foreign substance, which was on the retail lobby floor. His medical records show that he had injuries resulting from the fall. Further, he has presented proof sufficient to show that by reason of the water on the floor, the retail lobby was not in a reasonably safe condition. Thus, the burden shifts to Defendant.

Here, like *Lanier*, Defendant did not discover the dangerous condition. Defendant argues that even if the floor was wet as McIntosh claims, it did not cause the hazard and the hazard was not present for a sufficient period of time before McIntosh fell to give Defendant notice to remove it or to warn him of its presence. Relying on photographs and an affidavit by supervisor, Jason Morton, Defendant contends that it exercised reasonable care under the circumstances. Specifically, Defendant asserts that it placed rugs in the vestibule and outer lobby area to keep the floor dry and free from dirt and debris. Also, Defendant asserts that a custodian and the supervisors and clerks at the post office regularly check the lobby area during the day. Defendant contends that no one reported water on the floor on October 5, 2007. A jury, however, could believe that the post office employees should have observed and remedied the wet floor before McIntosh fell, and therefore, summary judgment is not appropriate.

Defendant also contends that, even if the floor was wet as McIntosh claims, it discharged its duty to warn of the wet floor because it properly warned invitees of the existence of a potential hazard, and therefore, it used reasonable care under the circumstances. In reviewing McIntosh's testimony and the photographs and testimony

---

[1] The Court notes that this finding regarding McIntosh having established the rebuttable presumption of negligence is only for purposes of this analysis, not for purposes of a finding of law in this matter. Defendant is afforded the opportunity to prove the absence of negligence.

presented by Defendant, while a "Wet Floor" sign and rugs were set up in the vestibule and inner lobby, there appears to have been no warning in the retail lobby that the floor was wet. McIntosh testified that he slipped and fell in the retail lobby because the floor was wet and he did not know that it was wet until he was lying on the floor. The photos do not establish that there was no water on the floor and, while they show rugs, the rugs were not in the retail lobby where McIntosh fell. In looking at the evidence, in a light most favorable to McIntosh, factual issues exist as to the adequacy of the warning provided by Defendant. Whether Defendant provided an adequate warning to McIntosh under the circumstances should go before a finder of fact. Accordingly, summary judgment is inappropriate on the issue of negligence.

Defendant also argues that the wet floor was an "open and obvious" condition so it owed McIntosh no duty. This argument is inapplicable to this matter as the defense only applies to hazards caused by the owner, not those caused by a foreign substance. *See Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 368 (Ky. 2005). Here, the hazard was the water on the floor, which was not caused or placed there by Defendant. Thus, the argument does not apply.

Finally, Defendant argues that it is entitled to summary judgment because McIntosh has been fully compensated for his injuries by workers' compensation. This argument is wholly without merit. Defendant may not seek to deny McIntosh a tort remedy simply because he received workers' compensation payments.

IV.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the United States' Motion for Summary Judgment [DE 22] is **DENIED**.

This March 4, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge